IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY CARNELL KENDRICKS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1722-N |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Stanley Carnell Kendricks, TDCJ # 1207658, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On December 3, 2003, pursuant to a negotiated plea bargain agreement, Kendricks was sentenced to concurrent ten-year sentences on his state convictions for possession of a controlled

substance (cause number 21,391), child abandonment (cause number 21,833), robbery (cause number 21,901), and bail jumping/failure to appear (cause number 21,969) in Hunt County, Texas. (Petition at 2.) Kendricks did not appeal his convictions or sentences. (*Id.* at 3.)

Kendricks attempted to file a state application for writ of habeas corpus challenging his conviction for bail jumping/failure to appear, but it was dismissed on April 4, 2004, and returned to him for noncompliance with the form requirements of Rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Kendricks*, Application No. WR-58,812-01 at cover; TEX. R. APP. P. 73.1 & 73.2. *See also* state court case information, *available at* http://www.cca.courts.state.tx.us). On March 29, 2004, Kendricks successfully filed three state applications for writ of habeas corpus challenging his convictions for possession of a controlled substance, child abandonment and robbery, which the Texas Court of Criminal Appeals denied without written order on May 19, 2004. *Ex parte Kendricks*, Application Nos. WR-58,812-07, WR-58,812-03 & WR-58,812-04, at cover. Subsequently, on August 2, 2004, he filed three additional state applications for writ of habeas corpus challenging the same three convictions, which were dismissed as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure on December 1, 2004. *Ex parte Kendricks*, Application Nos. WR-58,812-05, WR-58,812-06 & WR-58,812-07, at cover. Kendricks filed this federal petition for writ of habeas corpus on August 8, 2005.[1]

**D. ISSUES**

In two grounds for relief, Kendricks complains of ineffective assistance of trial counsel and an illegal search and seizure. (Petition at 7.)

---

[1] It appears the petition was erroneously file-stamped as filed on August 25, *2004*.

2

**E. RULE 5 STATEMENT**

Quarterman contends that Kendricks's ineffective assistance claims are unexhausted and procedurally barred. 28 U.S.C. § 2254(b)(1).

*1. Exhaustion*

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The record reflects that Kendricks has not exhausted his state court remedies in a procedurally correct manner with respect to his ineffective-assistance claims under ground one as they relate to his bail jumping/failure to appear conviction. Because he did not comply with the state form requirements when he filed the application, the application was dismissed by the Texas Court of Criminal Appeals. The state court's decision was procedural, as opposed to substantive, and signifies that the state court did not consider the merits of the claims. *See Neal v. Puckett*, 286 F.3d

230, 235 (5th Cir. 2002). Because the state court has not been afforded a fair opportunity to consider the merits of Kendricks's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

The record further reflects that Kendricks raised his ineffective-assistance claims under ground one for the first time in his second set of three state habeas applications, which were dismissed as abusive by the Texas Court of Criminal Appeals. A habeas petitioner's claim is procedurally barred if, due to the petitioner's failure to comply with state procedural rules, the federal issue has not been properly raised in prior state court proceedings and no state procedure is available for doing so in the future. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Texas Court of Criminal Appeals applies the abuse of the writ doctrine regularly and strictly, and the doctrine is an adequate and independent state procedural bar for purposes of federal habeas review. *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Kendricks's ineffective-assistance claims are procedurally barred from review by this Court.

**F. ILLEGAL SEARCH AND SEIZURE**

In his remaining ground, Kendricks claims the search of his car while he was unconscious was illegal. (Petition at 7, 7B) Because Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues, the federal courts are precluded from reviewing his complaint. *See Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *Bridgers v. Dretke*, 431 F.3d 853, 861 (5th Cir. 2005).

4

## II. RECOMMENDATION

Kendricks's petition for writ of habeas corpus should be DENIED.

SIGNED on this 31st day of March, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE